IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JACK STRATTON, on behalf of the United States of America, | ) C/A No. 3:10-cv-147-DCN-PJG<br>)<br>) |
| Plaintiff, | )<br>) **ORDER** |
| vs. | )<br>) |
| MECKLENBURG COUNTY,<br>RICHARD JACOBSEN,<br>TYRONE WADE,<br>ROBERT ADDEN, in their personal and official capacities; | )<br>)<br>)<br>)<br>) |
| MARTHA CURREN, in her personal capacity; | )<br>) |
| DAVID CAYER,<br>YVONNE MIMS-EVANS,<br>ELIZABETH MILLER-KILLEGREW,<br>LISA BELL,<br>LOUIS TROSCH, JR.,<br>HUGH B. LEWIS,<br>RICKYE MCCOY-MITCHELL,<br>REGAN MILLER,<br>REBECCA THORNE-TIN,<br>FRITZ MERCER,<br>RESA HARRIS,<br>AVRIL SISK, in their personal capacities, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| COUNCIL FOR CHILDREN'S RIGHTS,<br>BRENT LOFTIS, | )<br>) |
| Defendants. | ) |

This is a *pro se qui tam* action brought in the United States District Court for the Western District of North Carolina. The above-captioned case has been assigned to the Honorable David C. Norton, Chief Judge of the United States District Court for the District of South Carolina, and to the undersigned magistrate judge. The United States has declined to intervene in the above-captioned case. 31 U.S.C. § 3730(b)(2) & (4).

**TO THE CLERK OF COURT:**

The docket sheet for this case indicates that the summonses were originally issued "conventionally" on March 29, 2010. (ECF No. 2.) The Clerk of Court is directed to re-issue the summonses as of the date this signed order is received for docketing. After issuance of the summonses, the Clerk of Court is directed to forward copies of the newly-issued summonses, copies of the Complaint (ECF No. 1), and nineteen copies of this order to the plaintiff.

**TO THE PLAINTIFF:**

The plaintiff paid the full $350 filing fee. Hence, <u>**the plaintiff is responsible for service of process**</u>. The plaintiff is directed to serve the applicable summons, the complaint, and **a copy of this order** upon each defendant. The *pro se* plaintiff is hereby apprised of Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a defendant is served within 120 days after the complaint is filed, this court may dismiss this action *without prejudice* as to that particular defendant. The plaintiff is reminded that insufficiency of process is a defense in federal court, even when service of process is attempted under the applicable state court rules of the State in which the federal court is sitting. See <u>Maybin v. Northside Correctional Center</u>, 891 F.2d 72 (4th Cir. 1989).

The time to serve under Rule 4(m) may be extended if good cause for the failure to serve is shown. Upon motion of the plaintiff, the court finds that good cause exists for extension of the time to serve in this case. **The *pro se* plaintiff is given an additional sixty (60 days) from the date of this Order to serve the summonses, complaints, and copies of this Order in compliance with Rule 4 and this Order**.

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any documents filed subsequent to the initial pleading must be served on parties. Unless otherwise ordered, service of subsequently filed documents on a defendant represented by an attorney is made on the attorney. Service on attorneys who have made an appearance in this court is effected by the court's Electronic Case Filing system through a computer generated notice of electronic filing. However, prior to the defendants' attorney (or attorneys) making an appearance in this court, the plaintiff must serve the defendants with any documents the plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served. See <u>Lewis v. Sheahan</u>, 35 F. Supp. 2d 633, 634 n. 1 (N.D. Ill. 1999).

The plaintiff must place the civil action number (C/A No) listed above on any document provided to the court in connection with this case. **Any future filings by the plaintiff in this case must be sent to the Clerk's Office in Charlotte (401 West Trade Street — Room 212, Charlotte, North Carolina 28202).** All documents requiring the plaintiff's signature shall be signed with the plaintiff's full legal name written in the plaintiff's own handwriting. *Pro se* litigants, such as the plaintiff, shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, the plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet

of paper. The plaintiff is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom, and sides of each paper submitted.

The plaintiff is a *pro se* litigant. The plaintiff's attention is directed to the following important notice:

*TO THE PLAINTIFF*:

You are ordered to always keep the Clerk of Court advised **in writing (401 West Trade Street — Room 212, Charlotte, North Carolina 28202)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the Clerk of Court with the docket numbers of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

Put this order with your own record of this case so that you will not overlook your duty. If your address changes in the future, you must provide the court with your *own* new address.

**SPECIAL PROCEDURES FOR *QUI TAM* ACTIONS:**

Since this is a *qui tam* action, special procedures are required. See 31 U.S.C. § 3730(b). **This action is hereby unsealed.** See 31 U.S.C. § 3730(b)(3); Under Seal v. Under Seal, 326 F.3d 479 (4th Cir. 2003). Although the United States has declined to intervene, the United States must still be provided copies of all pleadings, as required by 31 U.S.C. § 3730(c)(3). Hence, the Office of the Clerk of Court is authorized to transmit copies of all pleadings filed in this case to the United States Attorney for the Western District of North Carolina.

**TO THE DEFENDANTS:**

The defendants are directed to file an answer to the complaint or otherwise plead.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 25, 2010
Columbia, South Carolina