IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| Jack Stratton,<br><br>               Plaintiff,<br><br>vs.<br><br>Mecklenburg County et al.,<br><br>               Defendants. | Civil Action No. 3:10-147-DCN-KM<br><br>**ORDER AND<br>REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motions to dismiss (docs. 21, 24, and 28 ) and the plaintiff's motion to amend (doc. 33). On July 13, 2010, the Fourth Circuit Court of Appeals designated the Honorable David C. Norton, Chief United States District Judge of the District of South Carolina, to preside in this case. By order filed June 3, 2011, Judge Norton referred all pretrial motions in this case to the undersigned.

In the instant complaint, the plaintiff, who is proceeding *pro se*, names the following defendants: Mecklenburg County, Richard Jacobsen, the former Director of the Mecklenburg County Department of Social Services ("DSS"), Tyrone Wade, a former Mecklenburg County DSS attorney, and Robert Adden, a private attorney contracted by Mecklenburg County DSS (collectively the "Mecklenburg County defendants"); Martha Curran, the Clerk of Superior Court for Mecklenburg County, and twelve current or former State District Court Judges (collectively the "state judicial defendants"); and the Council for Children's Rights, Inc. and Brett Loftis, the Council's Director (collectively the "Children's Rights defendants"). The plaintiff pursues this *qui tam* action as a relator under the False Claims Act ("FCA), 31 U.S.C. § 3729 *et seq.*, seeking recovery of "in excess of five hundred million dollars or more" associated with a "federal funding fraud perpetrated . . . in

furtherance of a two decades old child trafficking criminal enterprise ('enterprise')" (comp. ¶¶ 26, 32).

The plaintiff alleges the defendants have engaged in a scheme to use "kidnapped children" as "conduits to defraud the federal government through the presentment of false and fraudulent paperwork under Title IV-E, IV-B, Social Security Block Grants, TANF, Medicaid, and other federal funding programs" (*id.* ¶ 30). He claims that the defendants have violated the FCA by causing unspecified "false claims" to be presented to the United States and by "funnel[ing] and dispers[ing] the stolen funds to co-conspirator individuals and agencies, including but not limited to the North Carolina 'adoption agencies'" (*id.* ¶133).

## **MOTIONS TO DISMISS**

The Mecklenburg County defendants filed a motion to dismiss on November 19, 2010, and on December 3, 2010, the Children's Rights defendants filed a motion to dismiss. By order dated December 9, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motions. On December 13, 2010, the state judicial defendants filed a motion to dismiss. Another *Roseboro* order was issued on December 14, 2010. The plaintiff filed his response in opposition to the motions to dismiss on January 12, 2011. On January 19, 2011, the Children's Rights defendants filed a reply, and on January 21, 2011, the Mecklenburg County defendants filed a reply.

The defendants have all moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). When a evaluating a motion to dismiss pursuant to Rule 12(b)(1) on the grounds that the complaint fails to state facts upon which jurisdiction can be founded, the plaintiff has the burden of proving jurisdiction. *Richmond, F & P R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Rule 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' " *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Furthermore, a complaint is insufficient if it provides bare assertions lacking additional factual support. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) (citing *Twombly*, 550 U.S. at 555). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *See De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

As noted above, the plaintiff instituted this *qui tam* action under the FCA. The United States Attorney declined to intervene or prosecute this action in a filing with the court dated May 25, 2010. The plaintiff is not a licensed attorney and is proceeding in this action *pro se.*

A *qui tam* relator has standing to pursue a claim under the FCA as a partial assignee of the United States, the entity which suffers the injury and therefore possesses the right to bring such a claim. *See Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773-74 (2000). Put simply, the Government is the real party in

3

interest in a *qui tam* action. *United States ex rel. Milam v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 961 F.2d 46, 50 (4th Cir. 1992). Neither the general *pro se* grant, 28 U.S.C. § 1654 (providing that parties may pursue "their own cases personally"), nor the FCA itself authorizes *pro se* prosecution of *qui tam* claims. *See, e.g., Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008). Every court of appeals to consider this issue has concluded that *qui tam* relators "are not entitled to proceed *pro se*." *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008); *see, e.g., Timson*, 518 F.3d at 873-74 (concluding relator cannot prosecute FCA action *pro se*); *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2009) (same); *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004) (same); *United States v. Onan*, 190 F.2d 1, 6-7 (8th Cir. 1951) (same). In an unpublished opinion, the Fourth Circuit Court of Appeals has agreed, concluding that "[a] lay person may not bring a *qui tam* action under the [FCA]." *United States ex rel. Brooks v. Lockheed Martin Corp.*, No. 06-1522, 2007 WL 627372, at *1 (4th Cir. Feb. 23, 2007) (finding that as the United States is the real party in interest, "the need for adequate legal representation on behalf of the United States counsels against permitting *pro se* suits"); *accord United States ex rel. Greene v. Omni Visions*, No. 1:07cv9, 2007 WL 2903001, at *1 (W.D.N.C. Sept. 13, 2007) (citing *Brooks* and recognizing that *pro se* prosecution of *qui tam* claim is forbidden because it would constitute unauthorized practice of law, because such a plaintiff lacks requisite skills to pursue an action on Government's behalf, and because it "is specifically prohibited by" the Fourth Circuit).

It has been over a year since the United States Attorney notified the court and the plaintiff that she would not prosecute this action. The plaintiff has not retained an attorney to represent him in this action. Accordingly, the defendants' motions to dismiss should be granted.[1]

---

[1] Because this court finds that the action should be dismissed on this basis, the defendants' other grounds for dismissal will not be addressed.

## MOTION TO AMEND

On February 2, 2011, the plaintiff filed a motion "for leave to amend through counsel." In that motion, the plaintiff argues that the court should stay proceedings for 30 days to allow him to obtain counsel so that he can pursue this *qui tam* action. The defendants' motions to dismiss in this action have now been pending for over seven months, and the plaintiff's motion for leave to amend through counsel has now been pending for six months. Yet, the plaintiff still has not retained counsel. As discussed above, the plaintiff cannot pursue this *qui tam* case without counsel, and he has had ample opportunity to retain counsel if he chose to do so. Accordingly, the plaintiff's motion (doc. 33) is denied.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing,

IT IS ORDERED that the defendant's motion to amend (doc. 33) is denied.

Furthermore,

IT IS RECOMMENDED that the defendants' motions to dismiss (docs. 21, 24, and 28) be granted. The plaintiff's attention is directed to the Notice on the next page.

s/Kevin F. McDonald
United States Magistrate Judge

August 3, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. *Diamond v. Colonial Life*, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. *Id.* at 316; *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003); *Snyder v. Ridenhour*, 889 F.2d 1363, 1365 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).