IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| JACK STRATTON, | ) | |
| | ) | No. 3:10-cv-147-DCN-KM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| MECKLENBRG COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion for relief from judgment under Federal Rule of Civil Procedure 60(b). For the reasons set forth below, the court denies plaintiff's motion.

## I. BACKGROUND

On March 29, 2010, plaintiff Jack Stratton filed a qui tam complaint under the False Claims Act, 31 U.S.C. § 3729 et seq., alleging the existence of a "federal funding fraud perpetrated . . . in furtherance of a two decades old child trafficking criminal enterprise." Compl. ¶¶ 26, 32. The United States declined to intervene in the action. In November and December 2010, defendants filed motions to dismiss on the basis that Stratton cannot prosecute a qui tam action as a pro se litigant. On September 16, 2011, this court[1] issued an order adopting the Report and Recommendation of a magistrate judge and dismissing Stratton's qui tam complaint. Plaintiff filed a notice of appeal on May 11, 2012, which the United States Court of Appeals for the Fourth Circuit dismissed on October 10, 2012 as untimely.

---

[1] On July 9, 2010, the undersigned was designated by the Chief Judge for the United States Court of Appeals for the Fourth Circuit to hold a district court in the Western District of North Carolina in this case.

1

On April 12, 2012, Kathy Stratton, acting on behalf of the estate of Jack Stratton, filed a motion pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure seeking reentry of the court's September 16, 2011 order of dismissal. Plaintiff argues the court failed to provide notice of the order dismissing the qui tam action until at least January 26, 2012, and that errors in the caption of the dismissal order render it otherwise ineffective. Plaintiff further argues the alleged failure to provide notice prevented her from filing timely notice of appeal to the Fourth Circuit. Defendants Mecklenburg County, Council for Children's Rights, and Brett Loftis filed motions in opposition, arguing that the failure to receive notice of a judgment or final order cannot constitute grounds for extending the time limits for a notice of appeal, and that plaintiff's motion otherwise fails to meet the Rule 60(b) standard. Plaintiff filed a reply.

## II.  DISCUSSION

Under Federal Rule of Civil Procedure 60(b), a district court may grant a party relief from a final judgment or order in certain circumstances, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) new evidence; (3) fraud; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). "[B]efore a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).

Plaintiff seeks relief through Rule 60(b) from the court's September 16, 2011 order on grounds that the Clerk's office in the Western District Court of North Carolina, Charlotte Division made a mistake by failing to provide notice of the dismissal to the

plaintiff.  Plaintiff argues this alleged mistake resulted in her failure to file timely notice of appeal to the Fourth Circuit.

However, the Fourth Circuit recognizes that "[Federal Rule of Civil Procedure] 77(d) bars Rule 60(b) relief when the sole reason asserted for that relief is the failure of a litigant to receive notice of the entry of an order or judgment."  Hensley v. Chesapeake & Ohio Ry. Co., 651 F.2d 226, 229 (4th Cir. 1981); see Fed. R. Civ. P. 77(d)(2) ("Lack of notice of the entry [of judgment] does not affect the time for appeal or relieve—*or authorize the court to relieve*—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a).") (emphasis added).  Therefore, plaintiff's only potential recourse is under Rule 4(a) of the Federal Rules of Appellate Procedure.

Pursuant to Federal Rule of Appellate Procedure 4(a) and in accordance with 28 U.S.C. § 2107, a party to a civil action must file a notice of appeal within thirty days after entry of the judgment.[2]  Relevant to this case, Rule 4(a)(6) provides an exception to the thirty-day time limit and allows a district court to reopen the filing period for fourteen days if all of the following are met:  (1) the requesting party did not receive notice of the order or judgment under Federal Rule of Civil Procedure 77(d); (2) the motion to reopen is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice of the entry, whichever is earlier; and (3) the court finds that no party would be prejudiced.  Fed. R. App. P. 4(a)(6)(A)-(C).

---

[2] The timely filing of a notice of appeal in a civil case is a mandatory jurisdictional requirement.  Bowles v. Russell, 551 U.S. 205, 214 (2007); Hensley, 651 F.2d at 228.  Thus, if the time limits pursuant to Rule 4(a) for filing a notice of appeal have expired, the appellate court has no jurisdiction to review the case.  See Bowles, 551 U.S. at 210.

Here, accepting plaintiff's facts as true, Rule 4(a)(6)(B) is fatal to plaintiff's request for relief. Plaintiff's representative received notice of the dismissal by her own account on January 26, 2012. She filed the instant motion on April 12, 2012. Because plaintiff failed to file a motion to reopen within 14 days of receiving notice of judgment as required by Rule 4(a)(6)(B), her claim is barred.

Plaintiff argues in the alternative that the dismissal of the qui tam action was ineffective due to an error in the caption of the dismissal order. This argument is without merit. While the caption of the order dismissing the qui tam action erroneously reads "JACK STRATTON and SOLOMON STRATTON, Plaintiffs," the order includes the appropriate case number and is otherwise correct and accurate. "[C]lerical errors and omissions in a judgment are not fatal, if by reference to other parts of the record the meaning is clear." Smith v. Comm'r of Internal Revenue, 67 F.2d 167, 169 (4th Cir. 1933). Even entering an order under the wrong case number caption can be merely a clerical error when it is clear the order related to the proper case. See Fink v. Nourse, 45 F. App'x 670, 671-72 (9th Cir. 2003). Accordingly, the order is a valid dismissal of the plaintiff's qui tam action.

Plaintiff has failed to show a meritorious defense or demonstrate exceptional circumstances; therefore, relief under Rule 60(b) is not warranted.

### III.   CONCLUSION

Based on the foregoing, the court **DENIES** plaintiff's motion for relief under Rule 60(b), Docket No. 45.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**December 11, 2012
Charleston, South Carolina**